UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X

AROR-ARK ARK O'DIAH,

Plaintiff,

-against-

CHIEF JUSTICE JOHN G. ROBERTS, ET AL.,

Defendants.

---------------------------------------------------------------X

Civil Action No. 1:23-cv-00653-RDM

**DECLARATION IN SUPPORT OF MOTION**

RICHARD T. WALSH hereby declares the truth of the following, under penalty of perjury, pursuant to 28 USC §1746:

1. I am one of the named defendants in this action. As such, I have personal knowledge of the fats hereinafter set forth of my own knowledge.

2. I make this Declaration in support of my motion to dismiss this action for an Order, pursuant to FRCP Rules 8 and 12(b)(2),(3), and (6), dismissing the Complaint in this action on the grounds that:

(i) Defendant Richard T. Walsh ("Movant") is a resident and domiciliary of New York State and is not subject to the jurisdiction of this Court since he does not do business in the District of Columbia,

(ii) Movant does not reside in the District of Columbia,

(iii) Movant has no contacts with the District of Columbia such that "long-arm" jurisdiction under Sections 13-422 or 13-423 of the District of Columbia Statutes could be asserted over him;

(iv) Movant committed no tortious acts within the District of Columbia;

(v) Movant committed no tortious acts outside the district of Columbia that caused injury to a resident of the District of Columbia;

(vi) Movant was not a party to any contract with a resident of the District of Columbia;

(vii) Movant was not a party to a contract to perform any work, labor, or services within the District of Columbia;

(viii) Movant was not party to a contract to deliver any goods to anyone within the District of Columbia;

(ix) Movant was not present in the District of Columbia when the summons and complaint were allegedly served;

(x) Any claims alleged by Plaintiff against Movant herein are devoid of merit but should be litigated, if at all, in a District Court in the State of New York;

(xi) Plaintiff is a resident and domiciliary of New York State and not a resident or domiciliary of the District of Columbia;

(xii) Venue is not properly set in the District of Columbia under 28 USC §1391(b) and 28 USC §1402(a);

(xiii) The action was commenced in bad faith by Plaintiff without any basis in law, fact, or equity; the action was commenced by Plaintiff against Movant solely to injure, vex, or oppress Movant;

(xiv) Plaintiff is subject to a minimum of three "leave to file" injunctions against him in various court, including without limitation the United States District Court for the Eastern District of New York, the United States District Court for the Southern District of New York, and the United States Court of Appeals for the Second

Circuit, and he has failed to comply with said "leave to file orders" before commencing this action;

(xv) Plaintiff's allegations are "delusional and fanciful;"

(xvi) This action is frivolous and was commenced against Movant solely to harass and intimidate Movant and to punish Movant for representing clients of his law firm in the Supreme Court of the State of New York, County of Kings, and in the United States District Court for the Eastern District of New York by defending those clients and himself against Plaintiff's frivolous claims in those Courts;

(xvii) This Court previously dismissed many of Plaintiff's same baseless claims against many of the same defendants for failure to comply with FRCP Rule 8(a)(2) in *Aror Ark O'Diah v. McFadden, et al.*, under case no. 1-18-CV-02369-UNA (DCDC 2019) and in *O'Diah v. Cordray, et al*, 2017 WL 2735549 (DCDC 2017), civil action no. 17-966(UNA); and

(xviii) Plaintiff has no valid claims against Movant

3. Annexed hereto as Exhibit A is a copy of the Summons and Complaint purportedly served on me by Plaintiff.

4. Plaintiff is not a resident of the District of Columbia – he is a resident of the State of New York, County of Kings.

5. I am not a resident or domiciliary of the District of Columbia, have no minimum contacts with the District of Columbia, and am not otherwise subject to the personal jurisdiction of this Court under federal or the DC Longarm Statute, Sections 13-422 or 13-423 of the District of Columbia Statutes.

6. Plaintiff and I are residents of the same state, namely New York State, and, since there is no complete diversity of citizenship, this action cannot be maintained against me in this Court, even if it had any merit, which it does not.

7. Venue is also not properly set in the District of Columbia under 28 USC §1391(b) and 28 USC §1402(a)

8. There is also no federal question jurisdictional basis for this action as against me personally (and certainly no contacts with the District of Columbia such that would subject me to the jurisdiction of this Court).

9. Plaintiff is no stranger to this Court (or to several other Courts).

10. As this Court held in *O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), aff'd 707 Fed.Appx. 5 (DCCA 2017):

> *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement." *T.M. v. D.C.*, 961 F.Supp.2d 169, 174 (D.D.C. 2013).

(Hyperlinks and italics in original.)

11. The Complaint herein, with its roster of named Defendants, is incoherent, rambling, nonsensical, delusional, disjointed, and full of incoherent material and alleged in bad faith and does not comply with FRCP Rule 8.

12. Plaintiff has (once again) failed to delineate properly any valid causes of action or to provide the necessary allegations to comply with Rule 8's pleading requirements.

13. As this Court previously held in *O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), "Plaintiff's perplexing allegations suggest a vast conspiracy to defame and discriminate against him, but they fail to provide each defendant with adequate notice of a viable claim. Moreover, no wrongful activity appears to have occurred in the District of Columbia; therefore, this court would not be the proper venue for litigating any such claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the judicial district in the State where a substantial part of the events occurred). Given the complaint's deficiencies, the court finds that transferring the case to an appropriate court in New York would not "be in the interest of justice." 28 U.S.C. § 1406(a)." A copy of this decision is annexed hereto as Exhibit B.

14. In paragraph XIII, Plaintiff alleges without a shred of proof that those named in that paragraph "in their individual and in their official capacities jointly implicitly [sic] and explicitly conspired to bribed [sic] and lured [sic] Chief Judge DEBRA ANN LIVINGSTON, and late former Chief Judge Robert A Katzmann, and Judge Valerie Caproni, and Judge Pamela K. Chen, and Late Judge SANDRA J. FEUERSTEIN, AND Judge WILLIAM H. ALSUP, and former Chief Judge THOMAS, and retried Judge RANDALL ENG, and Retired Judge Arthur Coopermann [sic] to write unconstitutional sanction ORDER inside Privates [sic] and Publics [sic] Businesses [sic] Establishment to harassed [sic] Pro Se Plaintiff in the United States of

America. Also used the ORDER as self serving unconstitutional sanction ORDER used to "INVALIDATE" and "TERMINATE" the United States Constitution, also used to 'EVADE" and used to 'SUSPEND" the United States Constitution, Laws and Statutory Provisions; ***."

15. The remainder of this paragraph XIII is similarly verbose and fails to set forth exactly what I personally (or anyone else for that matter) did to warrant granting Plaintiff any relief in this action.

16. The remainder of the Complaint is also similarly prolix (and yet not specific) and contains similarly overly broad, nonspecific, and unintelligibly vague allegations relating to some vast amorphous conspiracy against that fail to provide any actual factual allegations to enable a Defendant to frame a responsive pleading. *See*, *e,g,*, paragraphs XIV, 2, 3, 4, 5,[1] 6-27, 28 (where I am named), 29-32, and Claims 1-52 (paragraphs 1 through 68).

17. In simpler terms, my representation of my client Renaissance Equity Holding LLC in the baseless State Supreme Court action commenced by Plaintiff, entitled Aror-Ark Ark *O'Diah v. Optimum a/k/a Optimum Cable, et al.*, under Index No. 486/2021, removed to the United States District Court for the Eastern District of New York Court by Synchrony Bank (and other Defendants) was enough to draw Plaintiff's ire and resulted in my being named individually in this action, even though Plaintiff has no valid cause of action against me personally.

18. The Defendants in this action consist of a hodge-podge of persons against whom Plaintiff has wholly imaginary, fictitious grievances.

---

[1] Paragraph 5 of this prolix Complaint appears to allege that Renaissance Equity Holding LLC somehow refused to rent an apartment to him because of a "leave-to file" sanction imposed on Plaintiff by a judge (not named). However, the holdover summary proceeding was based solely on the fact that Plaintiff did not prove succession rights to another tenant's apartment. That issue will be litigated, if at all, in the New York City Civil Court where Plaintiff will have to prove his succession rights to that apartment, if the landlord decides to pursue the licensee holdover claim.

19. The litany of Defendants named in the Complaint can be grouped according to the following categories: Federal and State government officials, agencies, or Departments that Plaintiff claims wronged him (although how and why are never adequately alleged); Judges of the United States District Court for the Southern District of New York; Judges of the United States District Court for the Eastern District of New York; judges of the Northern District of California (in San Francisco and Oakland); Justices of the Supreme Court of the United States; retired and current Justices of the Appellate Division of the Supreme Court of the State of New York for the Second Department; judges of the Nassau County Family Court; private and public hospitals and medical providers in New York City; credit card companies, banks, and other providers of credit or loans; private companies; various lawyers (including myself) who have defended clients against Plaintiff's baseless claims or represented clients in cases against Plaintiff; and a couple of private landlords, one of which, namely "Renaissance Equity Holdings LLC, and Owner," my firm represents and is located only in New York State.

20. Plaintiff sues anyone who draws his ire as is evident from his history of litigation.

21. As a result of Plaintiff's vexatious and bad faith litigation, the United States District Court for the Southern District of New York issued a "leave to file" injunction against Plaintiff, a copy of which is annexed hereto as Exhibit C.

22. The Eastern District of New York followed suit with its own "leave to file" injunction, as did the Second Circuit Court of Appeals. *See* Exhibits D and E annexed hereto.

23. The United States District Court for the Northern District of California has not yet issued a "leave to file" injunction, as far as I can tell from searching on PACER.

24. However, Hon. William H. Alsup, one of the Judges in the United States District Court for the Northern District of California, dismissed two of Plaintiffs' actions against many of

the same Defendants named herein as being frivolous; a claim against the Social Security Administration and another claim against certain New York agencies for denial of social services assistance were each transferred to another court. A copy of the Complaint filed by Plaintiff in one of those actions is annexed hereto as Exhibit F. A copy of the Order of the Ninth Circuit Court of Appeals dismissing as frivolous Plaintiff's appeal from those orders dismissing his actions (except as to the two matters noted above) is annexed hereto as Exhibit G.

25. Because of those orders, Plaintiff named Judge Alsup and the other judges of the Northern District of California as Defendants in the pending action, demonstrating once again Plaintiff's bad faith, vituperativeness, and utter lack of regard for applicable law or the facts.

26. This history of bad faith and vexatious litigation is why Plaintiff is subject to "leave-to-file" injunctions in several Courts.

27. It is also why this Court should dismiss this action in its entirety or, at any rate, as against me.

28. Under the circumstances, the motion to dismiss should be granted in its entirety.

29. If this Court declines to dismiss this action, the claims against me, and Renaissance Equity Holding LLC should be transferred to the United States District Court for the Eastern or Southern Districts of New York where venue would be proper.

I declare under penalty of perjury under the laws of the Unites States that the foregoing is true and correct. Executed on May 7, 2023, at Williston Park, New York.

RICHARD T. WALSH