UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------X
AROR-ARK ARK O'DIAH, Civil Action No. 1:23-cv-00653-RDM

Plaintiff,

-against-

CHIEF JUSTICE JOHN G. ROBERTS, ET AL.,

Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED BY RICHARD T. WALSH, DEFENDANT PRO SE**

RICHARD T. WALSH
Defendant pro se
c/o Horing Welikson Rosen & Digrugilliers PC
11 Hillside Avenue
Williston Park, New York 11596
(516) 535-1700

RECEIVED
MAY 09 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

SUMMARY OF ARGUMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 8

POINT I ........ 8

MOVANT IS NOT SUBJECT TO THE JURISDICTION OF THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA ........ 8

POINT II ........ 9

THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST MOVANT ........ 9

POINT III ........ 12

IF THIS COURT DECLINES TO DISMISS THIS ACTION, THE CLAIMS AGAINST MOVANT SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## Cases

*Aror Ark O'Diah v. New York State Secretary of Health and Human Services, et al.*, Case No. 11-2153 (2d Cir. 2012)........................................................................................................ 6
*Aror-Ark Ark O'Diah v. Optimum a/k/a Optimum Cable*, et al., under Index No. 486/2021......... 5
*Aror-Ark O'Diah v. Benton*, 2020 WL 2569360 (9th Cir. 2020) ................................................ 11
*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).................... 10
*Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) .............................................................. 10
*Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004) ........................................................... 10
*Donahue v. Far Eastern Air Transport Corp.*, 652 F.2d 1032, 1038 fn 9 (DC Cir. 1981) ............ 8
*International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) ........................................................................................................ 8
*Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987)................................................................... 9
*O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017)......................................................................................................................................... 9, 12
*T.M. v. D.C.*, 961 F.Supp.2d 169, 174 (D.D.C. 2013) ................................................................ 10

## Statutes

28 U.S.C. § 1391(b) ............................................................................................................... 9, 12
28 U.S.C. § 1915(e)(2)................................................................................................................... 11
DC Longarm Statute, Sections 13-422 or 13-423 of the District of Columbia Statutes................. 8
*O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), *aff'd,* 707 Fed.Appx. 5 (DCCA 2017) ................................................................................ 9

## Rules

FRCP Rule 8(a)........................................................................................................................ 9, 10

## PRELIMINARY STATEMENT

An alleged dispute between two residents of the Eastern District of New York has no nexus with the District of Columbia and this Court should decline to exercise jurisdiction over the dispute, even if it had jurisdiction of the claim.

Movant has no minimum contacts with the District of Columbia such that this Court would be constitutionally permitted to exercise jurisdiction over Movant; there being no such minimum contacts, this action must be dismissed as against Movant. Since the Court may not constitutionally exercise jurisdiction over Movant, this action must be dismissed.

Plaintiff commenced this action against Movant in bad faith, without any basis in law or fact, and solely to harass, intimidate, vex, or oppress Movant.

The rambling, disjointed Complaint illustrates the utter lack of merit in the claims being asserted against Movant, fails to comply with FRCP Rule 8, and this Court should dismiss the Complaint and this action against Movant.

If this Court declines to dismiss this action, the claims against Movant should be transferred to the United States District Court for the Eastern District of New York, the judicial district where Plaintiff and Movant both reside based upon the doctrine of forum non conveniens.

## SUMMARY OF ARGUMENT

Movant is not subject to suit in the District of Columbia and this Court lacks jurisdiction of Movant's person.

None of the alleged wrongdoing, to the extent anything can be gleaned from the rambling, disjointed, chaotic, fictitious, fanciful, and delusional allegations in the Complaint, is

alleged to have occurred in the District of Columbia and Movant lacks minimum contacts with the District of Columbia to subject him to suit constitutionally therein.

Therefore, this action must be dismissed.

In any event, the alleged wrongdoing involves two residents of the Eastern District of New York (Plaintiff in Brooklyn, and Movant) and has no connection to the forum. The action should be dismissed on grounds of forum non conveniens, or if dismissal is not granted, should be transferred to the United State District Court for the Eastern District of New York since venue is not properly set in the District of Columbia.

Finally, the Complaint should be dismissed for having been filed in this Court in bad faith and because it fails to state a claim for which relief may be granted.

Although Plaintiff is a pro se litigant, he is no stranger to the Courts. He has had complaints of his dismissed previously by Federal Courts in t least five different districts (ND Ca, ED Il., SDNY, and EDNY), for failure to comply with FRCP Rule 8. He deliberately fails to provide particular allegations of traversable fact pertinent to each Defendant because his claims have no merit and have been interposed merely to annoy, oppress, vex, harass, and intimidate anyone who provokes his ire, and is the subject of no less than three “leave-to-file” injunctions due to his frivolous and vexatious pattern of litigation.

This action should be dismissed.

**STATEMENT OF FACTS**

The facts are set forth at length in the Declaration in Support of Richard T. Walsh dated May 7, 2023 (the “Walsh Declaration”) and the exhibits annexed thereto. This Court’s attention is respectfully directed thereto. For the convenience of the reader when reviewing this memorandum of law, the following brief statement of facts is provided.

Plaintiff is a resident of Brooklyn, New York, which is withing the Eastern District of New York. Movant is also a resident of the Eastern District of New York.

Plaintiff is subject to a minimum of three "leave-to-file" injunctions in the EDNY, the SDNY, and the United States court of Appeals for the Second Circuit due to his vexatious and frivolous litigation. *See* Exhibits C, D, and E to the Walsh Declaration.

Movant is an attorney admitted in New York State. Movant is not admitted to the DC Bar or to the bar of this Court, does not work or reside in the District of Columbia, does not practice law therein, and has no contacts with this forum.

Movant's sole interaction with Plaintiff has been in connection with an action commenced by Plaintiff in the Supreme Court of the State of New York, County of Kings, in which Movant interposed an answer on behalf of Renaissance Equities Holdings LLC, entitled *Aror-Ark Ark O'Diah v. Optimum a/k/a Optimum Cable, et al.*, under Index No. 486/2021, which action was removed to the United States District Court for the Eastern District of New York Court by Synchrony Bank (and other Defendants) (the "Transferred State Action").

The Transferred Action was then dismissed (without prejudice) by the Order of the Hon. Pamela K. Chen (another Defendant in this action) and judgment was entered thereon on or about February 1, 2022 (see CM/ECF Document No. 20 in 1:21-cv-06744-PKC-LB available on PACER) when Plaintiff failed to comply with the EDNY's "leave-to-file" injunction dated January 11, 2012, issued by Judge Sandra Feuerstein (another Defendant in the instant action) under case No. 1:05-cv-05297-SJF-LB (Exhibit D to the Walsh Declaration).

When Plaintiff moved to reopen the Transferred State Action, Movant served and submitted opposition papers, pointing out to the Kings County Supreme Court that the matter had been previously removed to the EDNY and there was nothing to be restored in State Court.

To get even with Movant for daring to represent someone Plaintiff was suing, Plaintiff commenced this action against a host of people he had previously sued in various courts and added Movant as Defendant.

The Complaint herein, with its roster of named Defendants, is incoherent, rambling, nonsensical, delusional, disjointed, and full of incoherent material and alleged in bad faith and does not comply with FRCP Rule 8.

Plaintiff has (once again) failed to delineate properly any valid causes of action or to provide the necessary allegations to comply with Rule 8's pleading requirements.

In paragraph XIII, Plaintiff alleges without a shred of proof that those named in that paragraph "in their individual and in their official capacities jointly implicitly [sic] and explicitly conspired to bribed [sic] and lured [sic] Chief Judge DEBRA ANN LIVINGSTON, and late former Chief Judge Robert A Katzmann, and Judge Valerie Caproni, and Judge Pamela K. Chen, and Late Judge SANDRA J. FEUERSTEIN, AND Judge WILLIAM H. ALSUP, and former Chief Judge THOMAS, and retried Judge RANDALL ENG, and Retired Judge Arthur Coopermann [sic] to write unconstitutional sanction ORDER inside Privates [sic] and Publics [sic] Businesses [sic] Establishment to harassed [sic] Pro Se Plaintiff in the United States of America. Also used the ORDER as self serving unconstitutional sanction ORDER used to "INVALIDATE" and "TERMINATE" the United States Constitution, also used to 'EVADE" and used to 'SUSPEND" the United States Constitution, Laws and Statutory Provisions; ***."

The remainder of this paragraph XIII is similarly verbose and fails to set forth exactly what I personally (or anyone else for that matter) did to warrant granting Plaintiff any relief in this action.

The rest of the Complaint is similarly prolix (and yet conclusory and not specific) and contains similarly overly broad, nonspecific, and unintelligibly vague allegations relating to some vast amorphous conspiracy against that fail to provide any actual factual allegations to enable a Defendant to frame a responsive pleading. See, e,g,, paragraphs XIV, 2, 3, 4, 5, 6-27, 28 (where I am named), 29-32, and Claims 1-52 (paragraphs 1 through 68).

In simpler terms, Movant's representation of Renaissance Equity Holding LLC in the baseless State Supreme Court action commenced by Plaintiff, entitled *Aror-Ark Ark O'Diah v. Optimum a/k/a Optimum Cable*, et al., under Index No. 486/2021, removed to the United States District Court for the Eastern District of New York Court by Synchrony Bank (and other Defendants) was enough to draw Plaintiff's ire and resulted in my being named individually in this action, even though Plaintiff has no valid cause of action against me personally.

The Defendants in this action consist of a hodge-podge of persons against whom Plaintiff has wholly imaginary, fictitious grievances.

The roster of Defendants named in the Complaint can be grouped according to the following categories: Federal and State government officials, agencies, or Departments that Plaintiff claims wronged him (although how and why are never adequately alleged); Judges of the United States District Court for the Southern District of New York; Judges of the United States District Court for the Eastern District of New York; judges of the Northern District of California (in San Francisco and Oakland); Justices of the Supreme Court of the United States; retired and current Justices of the Appellate Division of the Supreme Court of the State of New York for the Second Department; judges of the Nassau County Family Court; private and public hospitals and medical providers in New York City; credit card companies, banks, and other providers of credit or loans; private companies; various lawyers (including myself) who have

defended clients against Plaintiff's baseless claims or represented clients in cases against Plaintiff; and a couple of private landlords, one of which, namely "Renaissance Equity Holdings LLC, and Owner," Movant's firm represents and is located only in New York State.

Plaintiff has once again alleged, without a shred of proof, a vast conspiracy amongst the living and the dead to deny him somehow in some unspecified manner of unspecified constitutional rights, secretly and without notice. This is sheer and utter nonsense (and false — I would like to know where and when ANY seance was held at which I was present to communicate with the deceased jurists named as Defendants herein to conspire against Plaintiff).

The "leave-to-file" injunctions were entered against him after giving him notice and an opportunity to be heard (*see* exhibits C, D, and E to the Walsh Declaration); after which the three Courts issued their respective "leave-to-file" injunctions. *See, e.g.*, *Aror Ark O'Diah v. New York State Secretary of Health and Human Services, et al.*, Case No. 11-2153 (2d Cir. 2012), CM/ECF Documents 74, 75 and 85 (available on PACER); *see*, also, Exhibit D to the Walsh Declaration.

Not only that, Plaintiff made at least one motion addressed to one of the "leave to file" injunctions (for a rehearing en banc). *See, e.g., Aror Ark O'Diah v. New York State Secretary of Health and Human Services, et al.*, Case No. 11-2153 (2d Cir. 2012), CM/ECF Document 85 (available on PACER).

There is no "new evidence" to justify the instant action.

There is no basis in law, fact, or equity for the commencement of the instant action.

Plaintiff's venting of his spleen against anyone and everyone with whom he ever had contact (directly or indirectly) is not a valid basis for this action.

This motion followed.

## ARGUMENT

## POINT I

## MOVANT IS NOT SUBJECT TO THE JURISDICTION OF THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Movant is an attorney admitted in New York State. Movant is not admitted to the DC Bar or to the bar of this Court, does not work or reside in the District of Columbia, does not practice law therein, and has no contacts with this forum.

For this Court to assert jurisdiction over Movant's person in this Court, Movant must have "minimum contacts" with the forum such that the assertion of jurisdiction over Movant and "that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' (citation omitted)." *See, e.g., International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316 (1945); *see*, also, *Donahue v. Far Eastern Air Transport Corp.*, 652 F.2d 1032, 1038 fn 9 (DC Cir. 1981) ("Dealings with the federal government, standing alone, do not provide a basis for District of Columbia exercise of personal jurisdiction over a nonresident on the invitation of a private party. (Citation omitted.)").

Plaintiff has not alleged any facts that would permit this Court to exercise jurisdiction over Movant personally.

The DC Longarm Statute, Sections 13-422 or 13-423 of the District of Columbia Statutes, provides no basis for asserting jurisdiction over Movant.

No jurisdictional basis has been set forth to justify this Court being a forum for an alleged (but nonexistent) claim between a New York Plaintiff and a New York Defendant.

This action must be dismissed.

## POINT II

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST MOVANT

FRCP Rule 8(a) provides in pertinent part that:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Complaint in this action is a textbook example of how not to draft a proper complaint.

As this Court previously held in *O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), "Plaintiff's perplexing allegations suggest a vast conspiracy to defame and discriminate against him, but they fail to provide each defendant with adequate notice of a viable claim. Moreover, no wrongful activity appears to have occurred in the District of Columbia; therefore, this court would not be the proper venue for litigating any such claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the judicial district in the State where a substantial part of the events occurred). Given the complaint's deficiencies, the court finds that transferring the case to an appropriate court in New York would not "be in the interest of justice." 28 U.S.C. § 1406(a)." A copy of this decision is annexed as Exhibit B to the Walsh Declaration.

1. As this Court held in *O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), *aff'd*, 707 Fed.Appx. 5 (DCCA 2017):

> *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987) .

> Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) ; *see* *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement." *T.M. v. D.C.*, 961 F.Supp.2d 169, 174 (D.D.C. 2013).

(Hyperlinks and italics in original.)

The United States District Court for the Northern District of California has not yet issued a "leave to file" injunction, as far as I can tell from searching on PACER.

However, Hon. William H. Alsup, one of the Judges in the United States District Court for the Northern District of California, dismissed two of Plaintiffs' actions against many of the same Defendants named herein as being frivolous; a claim against the Social Security Administration and another claim against certain New York agencies for denial of social services assistance were each transferred to another court. A copy of the Complaint filed by Plaintiff in one of those actions is annexed as Exhibit F to the Walsh Declaration. Copies of Judge Alsup's Memorandum Decisions dismissing those actions (subject to the exceptions noted above) are annexed as Exhibit G to the Walsh Declaration (*see*, *Aror-Ark O'Diah v. Discover Bank*, 2019 WL 2005799 (ND Ca 2019) and *Aror-Ark O'Diah v. Benton*, 2019 WL 2121718 (ND Ca 2019), *app. dism*. as frivolous, 2020 WL 2569360 (9th Cir. 2020) ("Upon a review of the record, response to the December 3, 2019 order, and opening brief received on October 8, 2019, we conclude this appeal is frivolous. We therefore deny appellant's motion to proceed in forma

pauperis (Docket Entry No. 4) and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).); and a copy of the Order of the Ninth Circuit Court of Appeals dismissing as frivolous Plaintiff's appeal from those orders dismissing his actions (except as to the two matters noted above) is annexed as Exhibit H to the Walsh Declaration (*Aror-Ark O'Diah v. Benton*, 2020 WL 2569360 (9th Cir. 2020)).

Because of those orders, Plaintiff named Judge Alsup and the other judges of the Northern District of California as Defendants in the pending action, demonstrating once again Plaintiff's bad faith, vituperativeness, and utter lack of regard for applicable law or the facts.

The pattern is being repeated in this action. Plaintiff sues anyone whom he perceives stands in his way. That is not a sufficient basis for a lawsuit. This actin should be dismissed.

## POINT III

## IF THIS COURT DECLINES TO DISMISS THIS ACTION, THE CLAIMS AGAINST MOVANT SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

In *O'Diah v. Cordray*, Civil Action No. 17–966 (UNA), reported at 2017 WL 2735549 (DDC 2017), this Court held that "Plaintiff's perplexing allegations suggest a vast conspiracy to defame and discriminate against him, but they fail to provide each defendant with adequate notice of a viable claim. Moreover, no wrongful activity appears to have occurred in the District of Columbia; therefore, this court would not be the proper venue for litigating any such claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the judicial district in the State where a substantial part of the events occurred)."

The same rationale applies to this action as against Movant.

There is no basis in fact, law, or equity for this action to have been commenced at all and certainly none to justify its having been commenced in this Court.

The action should be dismissed or transferred to the Eastern District of New York.

## CONCLUSION

This action must be dismissed as against Movant since Movant has no contacts with the District of Columbia or the District Court for the District of Columbia and personal jurisdiction may not be asserted against Movant constitutionally.

This action was commenced by Plaintiff against Movant in bad faith, without any basis in law or fact, and for no valid or meritorious purpose.

The action should be dismissed as against Movant (or, if not dismissed, should be transferred to the Eastern District of New York).

Dated: Williston Park, New York
May 8, 2023

_______________________________
RICHARD T. WALSH
Defendant pro se
c/o Horing Welikson Rosen & Digrugilliers PC
11 Hillside Avenue
Williston Park, New York 11596
(516) 535-1700
rwalsh@hwrpc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------X

AROR-ARK ARK O'DIAH

**INDEX NO. 1:23-CV-00653-RDM**

**PLAINTIFF**

-against-

CHIEF JUSTICE JOHN G. ROBERTS, ET AL.

DEFENDANTS

------------------------------------------------------------------X

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

JONNA SCALICI, being sworn says: I am not a party to the action, am over 18 years of age

That on May 9, 2023 I served a true copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED BY RICHARD T. WALSH, DEFENDANT PRO SE** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below **and each respondent was served individually**:

Timespeed Worldwide
Aror-Ark Ark O'Diah
3403 Foster Avenue, Apartment 4B
Brooklyn, New York 11210-6439

JONNA SCALICI

Sworn to before me on the

9TH day of MAY 2023

**NOTARY PUBLIC**

**Brian Hasher**
**Notary Public, State of New York**
**No. 02HA6152617**
**Qualified in Nassau County**
**commission Expires Sept. 18, 2026**