UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AROR-ARK ARK O'DIAH,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>JOHN G. ROBERTS, *et al.*,<br><br>　　　　　*Defendants*. | Civil Action No. 23-653 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Aror-Ark Ark O'Diah's *pro se* civil complaint. For the reasons provided below, the Court will dismiss the complaint.

A *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, Plaintiff's *pro se* complaint fails to comply with the minimal pleading standard set forth in Rule 8(a). Although the Court cannot discern precisely what Plaintiff alleges, Plaintiff's 80-page submission makes reference to a racially motivated conspiracy of some kind involving the more than 90 Defendants, and it accuses Chief Justice John Roberts of failing to prevent such conspiracy. Dkt. 1 at 13–14. It alleges that a great number of judges are "liars" and that they took actions of some kind "without substantive due process" and suspended the United States Constitution and that various businesses, including T-Mobile and Staples, Inc., in some way enforced the assertedly unconstitutional orders of the judges. *See generally id.* at 15–30. Plaintiff asserts 52 claims for relief under the Constitution as well as statutory and common law and seeks $100,000,000 in damages from each Defendant. *See id.* at 31–80.

Although Plaintiff's complaint is extensive, it offers no intelligible description of the factual basis for Plaintiff's claims. The conclusory and scattershot factual allegations the complaint contains fail to demonstrate whether or why Plaintiff is entitled to the relief sought. Even construed liberally, Plaintiff's allegations leave the Court and Defendants in the dark regarding the connection between what facts Plaintiff pleads and the numerous legal violations Plaintiff alleges. Put simply, Plaintiff has not given Defendants or the Court adequate notice regarding the claims Plaintiff intends to assert, because the complaint lacks "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Moreover, much of Plaintiff's complaint appears to seek damages from Chief Justice Roberts and dozens of other judges for issuing or failing to issue decisions in their judicial capacities. The doctrine of judicial immunity bars such claims. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (describing a long line of Supreme Court precedents that have found "judge[s] . . . immune from . . . suit for money damages"). This doctrine extends to "all actions taken in the

judge's official capacity, unless the[] actions are taken in the complete absence of all jurisdiction," *Sindra v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993), and thus bars many of Plaintiff's claims here.

Accordingly, it is hereby **ORDERED** that Plaintiff's complaint, Dkt. 1, is **DISMISSED** without prejudice, except that all claims seeking damages against judges or justices for acts taken in their judicial capacities are dismissed with prejudice. The clerk is directed to mail a copy of this order to Plaintiff at Plaintiff's address of record.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 22, 2023