UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AROR-ARK ARK O'DIAH,<br><br>Plaintiff,<br><br>v.<br><br>JOHN G. ROBERTS,<br>Chief Justice of the United States,<br><br>Defendant. | Civil Action No. 23-0653 (RDM) |

**SUPPLEMENT TO MOTION TO DISMISS**

Pursuant to the Court's September 25, 2023 Order (ECF No. 25), Defendant Social Security Administration (the "Administration") respectfully supplements its motion to dismiss.

**BACKGROUND**

On March 9, 2023, Plaintiff filed a sixty-one-page Complaint and purported to bring more than fifty claims against a panoply of defendants, such as the Administration, Chief Justice John Roberts, T-Mobile, City MD, and the Nassau County Child Support Collection (just to list a few).

On May 22, 2023, the Court dismissed the Complaint for failure "to comply with the minimal pleading standard set forth in" Federal Rule of Civil Procedure ('Rule') 8(a) because "the Court cannot discern precisely what Plaintiff alleges." Mem. Op. & Order at 2, ECF No. 11; *see also id.* at 2 ("Even construed liberally, Plaintiff's allegations leave the Court and Defendants in the dark regarding the connection between what facts Plaintiff pleads and the numerous legal violations Plaintiff alleges."). The Court further dismissed with prejudice all claims brought against defendants who are judges under the doctrine of judicial immunity. *See id.* at 2–3.

By Minute Order dated June 2, 2023, the Court denied Plaintiff leave to file an amended complaint because the proposed amended complaint did not comply with the Court's Standing

RECEIVED
OCT 9 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Order. *See* June 2, 2023 Min. Order. The Court specifically pointed out that "Plaintiff's proposed amended complaint was not accompanied by a redline comparison between the original and the amended filing or proposed amended filing." *Id.*

On June 20, 2023, the Court denied Plaintiff leave to file an amended complaint because "Plaintiff has failed to comply with the court's order to provide a redline of changes." June 20, 2023 Min. Order.

By Minute Order dated June 28, 2023, the Court denied leave to file another proposed amended complaint for the same reason: "Plaintiff has now submitted a proposed second amended complaint, but once again it is not accompanied by a redline comparison, as required by the Court's Standing Order. As a result, leave to file the proposed second amended complaint is DENIED." June 28, 2023 Min. Order. The Court then offered Plaintiff one last chance, paired with a warning that his case would be dismissed:

> The Court will provide Plaintiff three additional weeks to file an amended complaint that complies with the Court's standing order. But if Plaintiff does not do so on or before July 18, 2023, the Court will enter judgment in favor of Defendants and dismiss the case.

*Id*. On September 15, 2023, Defendant moved to dismiss for failure to prosecute because Plaintiff had not yet filed an amended complaint that complied with the Court's standing order (although Plaintiff had served an amended complaint on Defendant's counsel and apparently mailed an amended complaint to the Court). *See* Mot., ECF No. 23; Notice, ECF No. 24.

On September 25, 2023, the Court held that Plaintiff's "proposed third amended complaint" was "properly treated as a motion to supplement" and denied that motion. Order at 1–2. The Court held that the third amended complaint was distinguishable from previous versions because "Plaintiff seeks to add the undersigned judge as a defendant and seeks to assert claims based on the undersigned's denial of his prior attempts to amend his complaint and denial

of Plaintiff's motion to recuse." *Id.* at 2. The Court then held that it would not revisit its decision not to recuse and that Plaintiff's motion was "an abuse of the judicial process." *Id.* at 3.

In conclusion, the Court stated that it "would be inclined to dismiss the action" but expressed concern about the "multiple infirmities" in the "proposed supplemental pleading." *Id.* at 3. Among other things, Plaintiff "repeatedly failed to comply with the Court's standing order," his proposed claims were "frivolous," and his proposed claims were "incomprehensible." *Id.* These different "infirmities . . . may call for distinct dispositions." *Id.* at 3–4. Accordingly, the Court directed "that Defendant Social Security Administration supplement its pending motion to dismiss on or before October 9, 2023[.]" Order at 4. As directed, Defendant supplements its motion below.

## ANALYSIS

### I. THERE IS NOTHING LEFT TO DISMISS

On May 22, 2023, the Court dismissed the Complaint because it "fails to comply with the minimal pleading standard set forth in Rule 8(a)." Order at 2, ECF No. 11. Plaintiff has tried to amend the Complaint three times and the Court denied leave to file each time. *See* June 2, 2023 Min. Order; June 28, 2023 Min. Order; Order, ECF No. 25.

Because the Court has already dismissed the Complaint and denied leave to file successive amended complaints, there is no Complaint left to dismiss. *Cf. Oguagha v. Cravener*, 253 F.3d 701, 2001 WL 498829, at *1 (5th Cir. Apr. 11, 2001) (per curiam) ("Because of this court's dismissal of Oguagha's complaint as frivolous, there was no pending complaint to which Oguagha could add a defendant at the time of the district court's denial of the motion."). By insisting on filing virtually the same complaint, Plaintiff has made clear that he is unwilling to litigate this case further before this Court. It would thus be appropriate for Plaintiff to appeal the Court's orders. *See People for the Ethical Treatment of Animals v. Dep't of Agric.*, 918 F.3d 151, 155 (D.C. Cir.

2019) (allowing Plaintiff to appeal after "Plaintiffs did not amend their complaint"); Dkt., *People for the Ethical Treatment of Animals v. Dep't of Agric.*, Civ. A. No 17-0269 (D.D.C.) (showing plaintiff appealing after claims were dismissed without prejudice). For clarity with respect to the timing of a notice of appeal, the Court should enter a judgment reflecting that its Orders have resulted in the end of the litigation here. *See* Order, *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, Civ. A. No. 17-0432 (D.D.C. Mar. 27, 2018), ECF No. 27.

## II. PLAINTIFF'S NON-COMPLIANCE WITH THE PRE-FILING INJUNCTION IS A SUFFICIENT BASIS TO DISMISS

Plaintiff, a New York resident (Compl. at 63 (listing Plaintiff's address in "Brooklyn, NY")) frequently files hard-to-parse complaints in various federal courts. At the conclusion of one lawsuit initiated by such a complaint, Judge Sandra Feuerstein entered an anti-suit injunction against Plaintiff because "of, *inter alia*, his commencement of multiple actions involving similar facts and issues and his repeated assertion of frivolous claims that had previously been dismissed." *O'Diah v. Port Auth. of N.Y. & N.J.*, Civ. A. No. 05-5297, 2012 WL 113551, at *1 (E.D.N.Y. Jan. 11, 2012). Under that anti-suit injunction order, Plaintiff was

> enjoined from commencing any new action or proceeding in any tribunal against any individual who has encountered him in any capacity in litigation in this Court, including, but not necessarily limited to, court personnel, counsel and defendants, without first obtaining leave to commence the action or proceeding from this Court. Within twenty (20) days of the filing of any complaint, petition or pleading in any other tribunal against such individuals or entities, plaintiff must file in this Court a motion for leave to commence the action or proceeding in such other tribunal, setting forth the good faith basis for the filing of the action or proceeding. A copy of this injunction order shall be appended to any complaint, petition or pleading

> sought to be filed in such other tribunal and served upon all parties to the action or proceeding with the summons and complaint; and it is further,

*Id.* Despite that injunction, Plaintiff attempted to sue several of the same defendants in that litigation as in this case, including, among others, Judge Randall Eng, the Port Authority,[1] the Hertz Corporation, Usman Pasha, Beckman Coulter, Lt Wheels, and Meir Moza. Plaintiff also named Judge Feuerstein, who entered the anti-suit injunction, as a defendant in this case. Accordingly, the anti-suit injunction applies.

Plaintiff did not "append[]" the anti-suit injunction to his Complaint here, nor has Plaintiff indicated that he has obtained leave from the Eastern District of New York to commence this action. Indeed, some of the language in the Complaint suggests that Plaintiff considers this a collateral attack on that anti-suit injunction. Accordingly, the court may dismiss the case because of Plaintiff's failure to comply with the 2012 anti-suit injunction. *See Justice v. Koskinen*, 109 F. Supp. 3d 142, 147–48 (D.D.C. 2015), *aff'd*, 672 F. App'x 6 (D.C. Cir. 2016) ("It is well-settled that a court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court." (quoting *Dantzler v. EEOC,* 810 F.Supp.2d 312, 319 (D.D.C.2011) (cleaned up)). !

## III. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM

If the Court seeks to ground its judgment on one of the legal infirmities present in the Complaint, it should dismiss for failure to contain "a short and plain statement of the claim

---

[1] Here, Plaintiff attempts to sue the Commissioner of the Port Authority in his official capacity, which is the same thing. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").

showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), as the Court did in its May 22, 2023, Memorandum Opinion and Order.

Other judges in this Court have dismissed similarly deficient Complaints filed by the same Plaintiff under Rule 8(a), and those dismissals have been affirmed. *See, e.g.*, Order, *O'Diah v. McFadden*, Civ. A. No. 18-2369 (UNA) (D.D.C. Nov. 19, 2018), *aff'd*, 758 F. App'x 5, 7 (D.C. Cir. 2019) ("The Appellant's complaint was properly dismissed for failure to state a claim because it does not contain the requisite short and plain statement of his claims showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), and, to the extent any claims can be discerned, he has failed to allege sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."); *O'Diah v. W. Union*, 748 F. App'x 350, 350 (D.C. Cir. 2019) ("The district court correctly concluded that appellant's complaint failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)."); *O'Diah v. Cordray*, 707 F. App'x 5, 6 (D.C. Cir. 2017) ("The district court did not abuse its discretion by dismissing appellant's case without prejudice on the ground that the complaint did not meet the requirements of Federal Rule of Civil Procedure 8(a)."); *O'Diah v. United States*, 626 F. App'x 286, 287 (D.C. Cir. 2015) ("The district court did not abuse its discretion by dismissing appellant's complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a)[.]").

Note, however, that if the Court remains uncertain whether it is appropriate to dismiss for failure to state a claim, the Court should rule that it lacks subject-matter jurisdiction. *Compare Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("*Steel Co.* held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."), *with Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017)

("A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case.").

Dated: October 9, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *<u>/s/ Brian J. Levy</u>*
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2023, I caused the foregoing Notice of Appearance to be served on Plaintiff via First Class Mail at the following address:

AROR-ARK ARK O'DIAH
3403 Foster Ave Apt 4B
Brooklyn, NY 11210

/s/ *Brian J. Levy*
BRIAN J. LEVY
Assistant United States Attorney