UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AROR-ARK ARK O'DIAH,

    *Plaintiff*,

v.

JOHN G. ROBERTS, *et al.*,

    *Defendants*.

Civil Action No. 23-653 (RDM)

## ORDER

Plaintiff Aror-Ark Ark O'Diah filed this suit, *pro se*, on March 9, 2023. His 80-page complaint asserted a bewildering assortment of common-law and constitutional claims against more than 90 Defendants and sought $100,000,000 in damages from each Defendant. *See generally* Dkt. 1. As described in this Court's May 22, 2023 Order dismissing Plaintiff's complaint, Plaintiff's filing made "reference to a racially motivated conspiracy of some kind" that involved various healthcare providers, banks, and commercial businesses (such as T-Mobile and Staples), as well as New York state agencies and federal and state judges. Dkt. 11 at 2 (citing Dkt. 1 at 13–14). Plaintiff further alleged that the judges he named as defendants had taken "actions of some kind 'without substantive due process' and suspended the United States Constitution and that various businesses . . . in some way enforced the assertedly unconstitutional orders of the judges." *Id.* (citing Dkt. 1 at 15–30). The Court was unable to discern from this filing any "intelligible description of the factual basis for Plaintiff's claims" and thus dismissed Plaintiff's complaint for failing to comply with the minimal pleading standard set forth in Federal Rule of Civil Procedure 8(a). Dkt. 11 at 2.

Plaintiff then tried to file several amended complaints, Dkt. 20; Dkt. 21, all of which substantially restated the original complaint and were not compliant with the Court's Standing Order. *See* Dkt. 10 at 3 (requiring "[a]ny amended or proposed amended pleading or other filings . . . be accompanied by a redline comparison between the original and the amended filing or proposed amended filing"). After the Court rejected those efforts, Plaintiff moved to disqualify the undersigned judge from this case, Dkt. 22, and sought leave to file a third amended complaint that, once again, restated the claims from the original complaint and added the undersigned judge as a defendant. The Court denied both of Plaintiff's motions and explained, among things, that a plaintiff cannot disqualify the judge presiding over his case by amending the complaint to challenge the judge's prior decisions in the case. Min. Order (July 13, 2023); Dkt. 25.

Plaintiff now appears to seek leave once more to file an amended complaint, Dkt. 28.[1] But that document just reasserts the same "conclusory and scattershot factual allegations" that the Court has repeatedly found to fall short of Rule 8(a) pleading obligations. Dkt. 11 at 2. Rule 8 requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Although a *pro se* litigant's pleadings are held to less stringent standards, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants still must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiff has not met Rule 8(a)'s minimal standard in any complaint he has sought to file. Despite his

---

[1] Though stylized as an opposition to Defendant SSA's motion to dismiss, Dkt. 26, the document Plaintiff filed contains no response to the arguments contained in the motion to dismiss and instead appears to be a complaint.

repeated attempts, the Court cannot discern precisely what Plaintiff alleges. Nor, for that matter, can the Defendants, *see* Dkt. 26, which is the purpose of Rule 8's pleading standard. *See Coia v. George Washington Hosp.*, No. 08-cv-1355, 2008 WL 3055862, at *1 (D.D.C. Aug. 6, 2008) ("The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies." (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))).[2]

The Court has given Plaintiff many opportunities to file a pleading that conforms to the Federal Rules and that states a plausible claim for relief. Not only has Plaintiff failed to do so, Plaintiff appears to not even be trying to meet this low bar, as he continues to refile substantially the same pleading. This process must come to an end. Plaintiff has provided the Court with no reason to conclude that, if he were permitted to seek leave to file yet another amended complaint, he would be able to satisfy the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *See Abulhawa v. United States Dep't of the Treasury*, 239 F. Supp. 3d 24, 37 (D.D.C. 2017) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

Accordingly, it is hereby **ORDERED** that Defendant Social Security Administration's motion to dismiss, Dkt. 23, its supplemental motion to dismiss, Dkt. 26, are **GRANTED**. It is

---

[2] To the extent the Court can discern any claims, those claims appear to seek damages from dozens of judges for issuing or failing to issue decisions in their judicial capacities, which are barred by judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (describing a long line of Supreme Court precedents that have found "judge[s] . . . immune from . . . suit for money damages"). The Court noted this defect in its order dismissing Plaintiff's original complaint; but Plaintiff nevertheless continues to try to assert those same, barred claims that have already been dismissed with prejudice. Dkt. 11.

further **ORDERED** that Plaintiff's complaint is **DISMISSED** and the Clerk of the Court is directed to terminate the case.

    **SO ORDERED**.

                                                /s/ Randolph D. Moss
                                                RANDOLPH D. MOSS
                                                United States District Judge

Date:  March 15, 2024